IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:CR-07-192-01** |
| | : | |
| **v.** | : | |
| | : | |
| **MALVERSE D. GILES** | : | |

**M E M O R A N D U M**

Before the court is a motion by Malverse D. Giles to vacate, set aside, or correct a judgment pursuant to 28 U.S.C. § 2255 and a brief in support thereof. The Government has responded.  No reply brief has been filed.  The matter is ripe for disposition.

I.        **Background**

The background leading to the arrest of Giles is adequately set forth in the Government's brief in response to the § 2255 motion and will not be repeated herein.  Giles was initially charged in a two-count indictment with possession with intent to distribute cocaine and 50 grams and more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and criminal conspiracy of the same in violation of 21 U.S.C. § 846.  Subsequently, a superseding, five-count indictment was returned against Giles charging the previous two offenses and three counts of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).  Pursuant to a plea agreement, Giles pled guilty to Count I of the superseding indictment – possession with intent to distribute 50 grams and more of cocaine base and cocaine.

Giles criminal history category was VI because Giles was classified as a career offender.  The presentence report determined that Giles was responsible for the distribution of 4.5 kilograms of cocaine base and over 12 kilograms of powder cocaine.  His base offense level was 38.  A two level increase for possession of a firearm in connection with drug trafficking gave him an adjusted offense level of 40.

Ultimately, a stipulation of the parties, a reduction in offense level, and a 5K1.1 motion, reduced Giles' offense level to 35 with a criminal history of V. Giles was sentenced at the low end of the guideline to 235 months of incarceration, a $1,000.00 fine, community restitution of $1,000.00, a special assessment of $100.00 and a five year term of supervised release.  Giles appealed the conviction to the Third Circuit Court of Appeals which affirmed the conviction and sentence on December 14, 2009.  (Doc. 224-3).

In the motion to vacate, Giles alleges his counsel was incompetent by (1) failing to object to the drug weight determination and stipulating to a higher amount without consulting him; and (2) failing to advised him of all possible plea options.  Giles also seeks the benefit of the Fair Sentencing Act of 2010 which reduced the crack cocaine/cocaine ratio.[1]

---

[1]In his petition, Giles also claims there was a disparity between his sentence and his co-defendant's sentence.  He did not brief this issue and it is therefore deemed to be abandoned.  This issue was raised on direct appeal and was decided against him.  (Doc. 224-3, Opinion of Court of Appeals, No. 08-4621, Dec. 14, 2009).)

**II.**        **Discussion**

    **A. Ineffective Assistance of Counsel**

        **1. Standard of Review**

        To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

        The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.)  Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted).  "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.*  "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)).  It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

## 2. Drug Weight

Giles claims that trial counsel was ineffective for failing to object to the drug weight determination set forth in the presentence report and then stipulating to the drug amount without his consent.

Counsel did object to the drug weight determination. In a letter to the probation officer dated September 16, 2008, counsel objected to those paragraphs of the presentence report to which there were amounts stated. (*See* Ex. A attached hereto at ¶¶ 11, 13, 16, 17, 19.) As a result of the various objections, counsel for the Government and defense counsel met to work out the objections. At a hearing held on October 22, 2008, the entire stipulation was discussed with the court and with Giles present in the courtroom. There were occasions when the court asked Giles if he was in agreement with the stipulation and Giles consented. (*See* Doc. 245, Transcript of Pre-Sentence Hearing, at pp. 4, 6, and 7.)

The agreement or stipulation was that Giles would agree that he was responsible for 4.5 kilograms of cocaine base and more and the Government would agree that the firearm enhancement would not apply.  The adjusted offense level would be 38.

There was a lapse of about two and one-half weeks between the pre-sentencing hearing when the stipulation was reached and the date of sentencing. Defendant filed no objections to the stipulation and made no objections at the time of sentencing

Giles claim that trial counsel was ineffective for failing to object to the drug weight determination is without foundation.  No agreement was made without Giles' ultimate consent.

### 3.  Failure to Advise of Plea Options

Giles claims that counsel failed to provide him with plea options. Absent another negotiated plea agreement, Giles' option would have required him to go to trial on all charges in the superseding indictment or enter a plea of guilty to all charges in the superseding indictment, which included three violations of 18 U.S.C. § 924(c).  If Giles would have been found guilty or pled guilty to all counts of the superseding indictment, he would have been exposed to a minimum of 65 years imprisonment (a 55 year mandatory sentence, served consecutively to the 10 year mandatory sentence applicable for the crack cocaine trafficking charges).

Assuming counsel did not advise him of the alternatives to the plea agreement, this court cannot find any harm or prejudice to Giles.

### B.  Fair Sentencing Act of 2010

The Fair Sentencing Act of 2010 has not been made retroactive. Therefore, Giles can receive no benefit from the statute at this time.

**III.**　　　　　　**Conclusion**

In light of the foregoing, the petition filed pursuant to 28 U.S.C. § 2255 will be denied.  An appropriate order will be issued.

S/Sylvia H. Rambo
United States District Judge

Dated:  April 12, 2011.

**GHHSF** GRIEST, HIMES, HERROLD, SCHAUMANN, FERRO LLP

ATTORNEYS AT LAW

LAURENCE T. HIMES, JR.
JOHN C. HERROLD
SUZANNE H. GRIEST
DAVID B. SCHAUMANN
CHRISTOPHER A. FERRO
HEATHER Z. REYNOSA

129 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

TELEPHONE (717) 846-8856
FAX (717) 846-3610
FAX (717) 845-3330

BRANCH LOCATION

WARRINGTON WAYS
WELLSVILLE, PA 17365
(REPLY TO YORK OFFICE)

RUSSELL F. GRIEST (1953-1979)

September 16, 2008

Mail and Fax: 901-2890

David Herzog, US Probation Officer
United States District Court
Middle District of Pennsylvania
PO BOX 805
Harrisburg PA 17108-0805



      **RE:   USA v. Malverse Giles    (Objections to Presentence Report)**
            **1:07-CR-192**

Dear Dave:

       I have received and reviewed the Presentence Report in connection with the above-matter. After meeting with my client, please accept the following as Objections to the contents of the aforementioned Report:

       **5.**    The Defendant objects to the portion of this paragraph which indicates that DEA, in February, 2007, began investigating the illegal crack cocaine trafficking activities of Norman Thomas and Malverse Giles. The Defendant believes the investigation, which began in February, 2007, was focused solely upon Norman Thomas. In any event, the Defendant believes the aforementioned investigation did not include his activities until a time closer to the Defendant's actual arrest.

       **11.**    The Defendant objects to the amount of cocaine sales attributed to him contained within the instant paragraph. Defendant believes that over the course of one year, he provided Norman Thomas with approximately 600 grams of cocaine. This involved three occasions where Defendant provided Thomas with approximately 200 grams. The aforementioned cocaine was converted to cocaine base, which then totaled approximately 750 grams. Moreover, Defendant asserts that he had recently provided Thomas with approximately 20 grams of cocaine hydrochloride.

SEP 1 9 2008

U.S. PROBATION OFFICE
HARRISBURG, PA

**EXHIBIT A**

**13.** The instant paragraph indicates that the Defendant provided 26 ounces of cocaine hydrochloride, expecting to get 36 ounces of crack cocaine in return. Initially, the Defendant objects to the term ounces, and believes that the true term of measurement should be grams. Moreover, Defendant previously asserted and believes that he had only provided Thomas with approximately 20 grams of cocaine, expecting to get less than 36 grams of crack in return.

**15.** Defendant objects to the instant paragraph and asserts that he has never been in possession of an AP-9 handgun or any other similar firearm.

**16.** Defendant objects to the assertion that he provided Allen Guy with half kilogram to one kilogram quantities of crack cocaine for approximately two to three months. Defendant insists that he never provided half kilos or a kilogram of cocaine to Guy. To the contrary, Defendant believes that over the course of the referenced three month period, the Defendant provided less than 300 grams of cocaine base to Mr. Guy. Furthermore, Defendant states that he never had a "stash house" and that the aforementioned information provided by Guy to DEA agents is incorrect. Finally, Defendant again objects to the assertion that he possessed a firearm described as a Tec-9 or Mac-10 type weapon.

**17.** For all of the reasons discussed above, Defendant objects to the assertion that he is multi-kilogram distributor of crack cocaine. To the contrary, Defendant believes he is responsible for less than 4.5 kilograms of cocaine.

**18.** Defendant believes this entire paragraph is a fabrication and denies its content.

**19.** Defendant objects to the conclusion that he should be held accountable for the distribution of cocaine "well in excess of 4.5 kilograms." To the contrary, Defendant believes that he is responsible for less than 1 kilogram of crack cocaine.

**25.** Defendant objects to the base offense level computation. Pursuant to USSG §2d1.1 a person responsible for at least 500 grams but less than 1.5 kilograms of cocaine base should receive a base offense level of 34. Defendant believes the aforementioned base offense level is appropriate under the facts and circumstances of the case.

**33.** Based upon the aforementioned objection, Defendant's total offense level should be 34.

**40.** The Defendant objects to the statement that he committed the instant offense while under supervision. The Defendant's parole supervision expired July 12, 2005.

**41.**    Defendant objects to the statement that he committed the offense less than two years after being released from confinement.  Defendant was released from prison January 12, 2004.

Finally, under Part E (Factors that May Warrant Departure), Defendant believes that a one level downward departure under USSG§ 4a1.3(b)(1) is necessary because the Defendant's criminal history category of VI "based upon a career offender designation" over represents the seriousness of the Defendant's criminal past.  The Defendant's prior convictions, which form the basis of the career offender designation, each occurred over 13 years ago.  Moreover, the initial conviction of robbery occurred when Defendant was approximately 16 years old.  If the Defendant receives the aforementioned departure, his criminal history category will be a V.  As such, his guidelines, with an offense level of 34, would be 235-293 months.

Very truly yours,

Christopher A. Ferro

CAF/ llh
pc:  Michael Consiglio, Esquire
          (fax:  717-221-4582)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**          :          **CASE NO. 1:CR-07-192-01**

                                      :

**v.**                                :

                                      :

**MALVERSE D. GILES**                 :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY
ORDERED THAT**:

1) The petition for writ of habeas corpus is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

S/Sylvia H. Rambo
United States District Judge

Dated:  April 12, 2011.